IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
:
: CRIMINAL NO. 1:10-CR-0043-1
v.  :
: (Judge Caldwell)
STANLEY NARCISSE,  :
Defendant  :
:

*M E M O R A N D U M*

I. *Introduction*

Defendant, Stanley Narcisse, has filed a counseled motion to vacate his conviction and sentence. Defendant was charged in a superseding three-count indictment: in Count 1 with conspiracy to possess with intent to distribute in excess of 1,000 pounds of marijuana, a violation of 21 U.S.C. § 846; in Count 2 with possession with intent to distribute in excess of 1,000 pounds of marijuana, a violation of 21 U.S.C. § 841(a)(1); and in Count 3 with interstate transportation of stolen property, a violation of 18 U.S.C. § 2314. After a jury trial, Defendant was found guilty on all three counts. In May 2011, he was sentenced to an aggregate term of 188 months' imprisonment. His direct appeal was denied. *United States v. Narcisse*, 501 F. App'x 142 (3d Cir. 2012)(nonprecedential).

This 2255 motion (Doc. 159) followed, accompanied by a memorandum. (Doc. 160). This is the court's initial review of the motion under Rule 4(b) of the rules governing section 2255 proceedings. Under Rule 2(b)(2) of the section 2255 rules, Defendant "must state the facts supporting each ground" for relief. Vague and conclusory allegations are not sufficient and may be dismissed under Rule 4(b). *United*

*States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). We have decided the motion lacks merit because it is vague. We will, however, grant leave to amend so that Defendant can provide sufficient specificity.

II. *Background*

The motion makes the following claims of trial-counsel ineffectiveness. First, trial counsel failed to move to suppress the introduction into evidence that in May 2009 marijuana had been seized from Defendant in Arizona. This seizure occurred after a traffic stop in which Defendant was operating a tractor-trailer alone and resulted in a criminal prosecution of Defendant in Arizona. Defendant asserts trial counsel should have moved to suppress for two reasons: (1) a motion to suppress had been filed in the Arizona case; and (2) a motion to dismiss the prosecution had been filed in the Arizona case because the officer who stopped Defendant had violated the settlement agreement in *Arnold v. Arizona Dep't of Public Safety*, No. 01-CV-1463, 2006 WL 2168637, at *3 (D. Ariz. July 31, 2006), which required that the entire stop be videotaped.

Second, trial counsel failed to move to dismiss Count 3, which was based on the Arizona arrest, on the same grounds listed above. Defendant also observes that this count was added only seven days before the original trial date as part of the superseding indictment and "drastically altered" the case against him. (Doc. 160, ECF p. 9). It allowed the government to introduce evidence that Defendant had been apprehended operating a tractor-trailer alone with marijuana in it while the original counts were based on evidence that he was merely a passenger in a tractor-trailer in which marijuana was found.

Third, trial counsel failed to oppose the government's "untimely" notice under Fed. R. Evid. 404(b) of its intent to introduce evidence of the Arizona case,

specifically, that Defendant had been stopped on May 13, 2009, driving a tractor-trailer which contained 1,000 pounds of marijuana.  In the notice, the government argued the evidence was admissible on two grounds: (1) it was within the scope of the charged conspiracy;[1] and (2) it was admissible under Rule 404(b) "for other purposes including intent, knowledge, and absence of mistake or accident." (Doc. 160, ECF p. 4). Defendant contends trial counsel should have opposed the notice on the following grounds: "it was untimely made on the eve of trial, or that the prejudicial effect outweighed the probative value or that Mr. Narcisse's constitutional right would be violated because that was a pending case or that that incident was not part of this conspiracy or that bad acts evidence was inadmissible because the defendant denied the underlying charges." (*Id.*, ECF p.8).

Fourth, trial counsel failed to attack the superseding indictment or move to continue the trial so that counsel could "prepare a coherent defense in light of the drastically changed circumstances created by the superseding indictment." (*Id.*, ECF p. 6).  Fifth, trial counsel failed to advise Defendant "concerning acceptance of [a] guilty plea offer that would have resulted in a substantially lower sentence." (*Id.*)  Defendant alleges the government made him a formal written plea offer of 120 months.  (*Id.*, ECF p. 13). However, as a result of going to trial, where counsel allowed Defendant to take the stand and admit his guilt, Defendant received a 188-month sentence, five years and eight months longer than the sentence offered.

Sixth, trial counsel allowed Defendant to testify, when that testimony was that he was guilty of all the crimes charged and not Eric Paul Emmanuel, his co-

---

[1] The original indictment charged that the conspiracy ran from a date unknown until about January 31, 2010.  The superseding indictment, filed afer the government's Rule 404(b) notice, charged that the conspiracy ran from about May 2009 until about January 31, 2010.

-3-

defendant.  Trial counsel did this without making an application to the court or explaining why he would allow Defendant to do it.  After the jury found Emmanuel guilty anyway, Defendant was given a two-point enhancement to his offense level under U.S.S.G. § 3C1.1 for attempting to obstruct justice by committing perjury.  Seventh, trial counsel failed to give a closing argument.

III. *Discussion*

Sixth Amendment claims for ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *Strickland* sets forth a two-prong test to establish ineffective assistance of counsel.  First, counsel's performance must be deficient.  *Palmer v. Hendricks,* 592 F.3d 386, 394 (3d Cir. 2010)(citing *Strickland*).  "Performance is deficient if counsel's efforts 'fell below an objective standard of reasonableness' under 'prevailing professional norms.'"  *Shotts v. Wetzel*, 724 F.3d 364 (3d Cir. 2013)(quoting *Strickland*).  "The defendant must also 'overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *United States v. Watson*, ___ F. App'x ___, ___, 2013 WL 4852248, at *1 (3d Cir. 2013)(nonprecedential)(quoting *Strickland*).

Second, counsel's deficient performance must have prejudiced the defense.  *Palmer*, 592 F.3d at 394 (citing *Strickland*).  "To demonstrate prejudice, 'a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Shotts*, 724 F.3d at 375 (quoting *Strickland*).  Prejudice is "evaluated in light of the totality of the evidence at trial: a verdict or conclusion only weakly supported by the record is more likely to have been

affected by errors than one with overwhelming record support." *Grant v. Lockett*, 709 F.3d 224, 235 (3d Cir. 2013)(quoted cases and internal quotation marks omitted).

Our review of the motion indicates it does not allege sufficient factual support for either prong of *Strickland* and will therefore be dismissed. We will, however, grant Defendant leave to file an amended 2255 motion.

We begin with Defendant's failure to adequately allege prejudice. As noted above, prejudice is evaluated in the light of the totality of the evidence. But Defendant has not averred by reference to the trial testimony and evidence how he was prejudiced by the alleged errors. Instead, he has made only a conclusional allegation that "the outcome of the case was directly and negatively affected to [his] detriment," (Doc. 160, ECF p. 17), by counsel's errors, which is not the proper standard in any event.

The allegations of deficient performance are also vague. Defendant's first and second claims are based on trial counsel's failure to file motions, one to suppress the marijuana seized in Arizona and the other to dismiss Count 3. Defendant relies on the same two grounds in arguing these motions should have been filed. However, Defendant does not allege the factual or legal bases that would support these grounds nor has he alleged how these grounds for relief fared in the Arizona case.

Defendant's third claim is that counsel failed to oppose the government's Rule 404(b) notice but again only vaguely avers the factual and legal basis of how the notice should have been opposed. Defendant's fourth claim faults trial counsel for not attacking Count 3 and for not moving for a continuance. But again Defendant only vaguely argues that counsel should have done so because then he could have "prepare[d] a coherent defense in light of the drastically changed circumstances created by the superseding indictment." Defendant has failed to allege the facts that would show that a coherent defense could have been prepared.

-5-

Defendant's fifth claim is that trial counsel failed to advise him "concerning acceptance of [a] guilty plea offer" that would have resulted in a sentence of 120 months, if accepted, instead of the 188-month sentence he received after going to trial. Defendant has failed to allege facts showing what advice should have been given, and if this advice had been given, he would have accepted the plea offer instead of going to trial.

Sixth, trial counsel allowed Defendant to testify, when that testimony was that he was guilty of all the crimes charged and not Eric Paul Emmanuel, his co-defendant. Trial counsel did this without making an application to the court or explaining why he would allow Defendant to do it. These allegations fail to establish deficient performance. The decision to testify belongs to the defendant alone, *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551, 560, 160 L.Ed.2d 565 (2004), so the mere fact that Defendant testified, even admitting guilt in doing so, does not mean his counsel was deficient. It is equally possible that Defendant chose to testify in the face of counsel's advice not to. Additionally, the court should not be involved in a defendant's decision to testify. *See United States v. Pennycooke*, 65 F.3d 9, 11 (3d Cir. 1995)("the determination of whether the defendant will testify is an important part of trial strategy best left to the defendant and counsel without the intrusion of the trial court"). Thus trial counsel's conduct could not have been deficient in not making an application to the court (and Defendant does not say what that application would have accomplished) or in not explaining why Defendant took the stand.[2] If Defendant can allege that some particular advice, or lack thereof, erroneously caused him to take the stand when he should not

---

[2] In fact, examination of the record seems it indicate that trial counsel was unaware that Defendant was going to admit guilt. (Doc. 134, ECF pp. 94-97).

have, Defendant might state a claim for counsel's failure to advise him properly about testifying.

Defendant's seventh claim is that trial counsel failed to give a closing argument. Counsel's performance is not deficient merely because he does not make a closing argument. *See Flamer v. Delaware*, 68 F.2d 710, 732 (3d Cir. 1995)("waiver of summation may be a sound tactic in some circumstances"); *Yarborough v. Gentry*, 540 U.S. 1, 6, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003)("it might sometimes make sense to forgo closing argument altogether"). If Defendant can allege facts indicating why failure to make a closing argument was deficient performance, Defendant may have a claim.[3]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 26, 2013

---

[3] Since counsel is entitled to a presumption that, under the circumstances, the challenged action might be considered sound trial strategy, counsel's decision not to give a closing might have been motivated by Defendant's decision to admit guilt since there might not have been anything counsel could have said in those circumstances.

-7-